THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICKY BIRGE, Defendant-Appellant.

(No. 73-235;

Fifth District—June 11, 1974.

Robert E. Farrell and Howard B. Augustus, both of the State Appellate Defender's Office, of Mt. Vernon, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Philip G. Feder, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

On a negotiated plea of guilty in the Circuit Court of St. Clair County defendant was convicted of burglary. He was first sentenced to a 2-year term of periodic imprisonment in the St. Clair county jail with the pro-

vision that he would be released during school hours to continue his education in a vocational training school. When he failed to return to the jail on the first day that he was released for this purpose he had to be apprehended on a court order. His periodic imprisonment was then revoked and he was sentenced to the penitentiary for a term of not less than 3 nor more than 7 years.

It is from this sentence that defendant appeals, contending that the sentence was excessive and that the minimum term should be reduced to 1 year, or, in the alternative, to 2 years and 4 months in compliance with the Unified Code of Corrections. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3).

Burglary is a Class 2 felony and for this offense the Unified Code provides that "the minimum term shall be one year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term, which shall not be greater than one-third of the maximum  *  *  *."

■■ Because the minimum sentence imposed did exceed one-third of the maximum, contrary to the express provisions of the Code, defendant's sentence is set aside and the cause is remanded with directions to resentence in compliance with the Unified Code of Corrections.

■■ Accordingly, the judgment of the Circuit Court of St. Clair County revoking probation is affirmed, the sentence set aside, and the cause remanded with directions to impose a new sentence.

G. MORAN, P. J., and CARTER, J., concur.